UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

MARK EARL HENDERSON,
　　　　　*Defendant-Appellant.*

No. 00-4557

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Joseph Robert Goodwin, District Judge.
(CR-99-214)

Submitted: January 31, 2002

Decided: February 28, 2002

Before WILKINS, LUTTIG, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Marcia G. Shein, LAW OFFICE OF MARCIA G. SHEIN, P.C., Decatur, Georgia, for Appellant. Charles T. Miller, United States Attorney, Monica K. Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Mark Earl Henderson was convicted by jury of four charges: first, conspiracy involvement to manufacture and distribute methamphetamine, and to distribute marijuana, in violation of 21 U.S.C.A. § 846 (West 1999 & Supp. 2001); second, money laundering of drug proceeds, in violation of 18 U.S.C. §§ 2, 1956(a)(1)(A)(i) (1994); third, possession with intent to distribute methamphetamine, in violation of 18 U.S.C. § 2, 21 U.S.C.A. § 846 (West 1999 & Supp. 2001); and fourth, possession and carrying a firearm in relation to a conspiracy to manufacture and distribute methamphetamine, in violation of 18 U.S.C. §§ 2, 924(c)(1) (1994). The indictment on which Henderson was tried did not allege a drug quantity in either of the drug offenses.

Henderson was sentenced to a total of 420 months incarceration; for count one, Henderson received 240 months incarceration; for count two, 240 months incarceration, with 120 months to run concurrent to the sentence imposed for count one, and 120 months to run consecutive thereto; for count three, 240 months incarceration, concurrent to the sentence imposed in count one; and for count four, 60 months incarceration, to run consecutive to the sentences imposed for counts one through three. Henderson was also sentenced to three years of supervised release on each offense, to run concurrently with one another, and to a $350 special assessment.

Henderson raises three issues on appeal. First, Henderson challenges the sufficiency of the evidence used to sustain his drug convictions. A challenge to the sufficiency of the evidence is reviewed to determine whether, viewing the evidence in the light most favorable to the Government, substantial evidence exists to support a verdict. *Glasser v. United States*, 315 U.S. 60, 80 (1942). Henderson's challenge to the forensic evidence is unavailing, as the lay testimony offered against him was alone sufficient to support his conviction. *United States v. Dolan*, 544 F.2d 1219, 1221 (4th Cir. 1976).

Second, Henderson argues his indictment was invalid under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). This claim is meritless, as Henderson was sentenced within the applicable statutory maxi-

mums. *United States v. Promise*, 255 F.3d 150, 156-57 (4th Cir. 2001), *petition for cert. filed*, Sept. 20, 2001 (No. 01-6398).

Third, Henderson argues the district court erred in determining his sentence, based on its calculation of the drug quantity for which Henderson was liable as relevant conduct, and its determination he obstructed justice. Our review is for clear error. *United States v. D'anjou*, 16 F.3d 604, 614 (4th Cir. 1994); *United States v. Puckett*, 61 F.3d 1092, 1095 (4th Cir. 1995). These claims are meritless, as the court's findings were based on proper factors and supported by the testimony presented to the court. *United States v. Randall*, 171 F.3d 195, 211 (4th Cir. 1999); *U.S. Sentencing Guidelines Manual* § 3C1.1 (1998).

Accordingly, we affirm Henderson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

*AFFIRMED*